IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SHIRLEY CLAYTON,

    Plaintiff,

vs.                                                                                                                         No. CIV 07-0680 JB/LAM

PIONEER BANK,

    Defendant.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiff's Motion to Compel Written Discovery Responses, filed January 14, 2008 (Doc. 18)("Motion"). The Court held a hearing on February 20, 2008. For the reasons stated at the hearing, and for reasons consistent with those stated, the Court will grant the motion in part and deny the motion in part. The Court grants the motion to compel in part, and requires amended answers to Interrogatories Nos. 2, 3, 4, 6, and 7, and further documents in response to Requests for Production Nos. 1, 3, and 5 as set forth in this opinion. The Court dismisses the motion as to Interrogatory No. 10 and Request for Production No. 8 as moot. The Court will deny Clayton's request for attorneys fees, costs, and sanctions.

### FACTUAL BACKGROUND

Plaintiff Shirley Clayton began working for Defendant Pioneer Bank in May of 1999. See Motion at 1. In November of 2005, she was employed as a supervisor in Pioneer Bank's check-processing department. See id. In her years of service working for Pioneer Bank, Clayton was an exemplary employee. See id.

On November 25, 2005, Clayton suffered a heart attack, underwent heart surgery, was released under medical restrictions by her doctor, and placed on leave under the Family Medical

Leave Act ("FMLA") until February 28, 2006. See id. On March 1, 2006, Pioneer Bank placed Clayton on short-term disability leave. See id. at 2. On July 21, 2006, shortly before Clayton's short-term disability leave was set to expire, Pioneer Bank terminated Clayton. See id.

## PROCEDURAL BACKGROUND

Clayton moves the Court to compel Pioneer Bank to provide meaningful discovery responses and for sanctions. See id. at 1. Clayton's counsel contacted Pioneer Bank's counsel, and Pioneer Bank opposes this motion. See id.

### 1.     Interrogatory No. 2.

In Interrogatory No. 2, Clayton asked Pioneer Bank:

> At the hearing held before the New Mexico Human Rights Commission, your witnesses and attorneys made the representation that legal advice was obtained from attorney Stephen Bell regarding the propriety of terminating [Clayton] while she was on disability leave. Please provide the name, address and last known telephone number of each person who sought or received any such advi[c]e, the dates and specific manner in which any such advi[c]e was sought or received, and summarize the nature of the advi[c]e sought and/or received.

Motion, Defendant's Answers, Responses, and Objections to Plaintiff's First Set of Interrogatories and Requests for Production of Documents to Defendant at 2, filed January 14, 2008 (Doc. 18-5)("Interrogatories and Answers"). Pioneer Bank answered that it:

> Objects to this Interrogatory on the grounds that neither [Pioneer Bank], its witnesses or counsel represented to the Human Rights Commission that [Clayton] was terminated while she was on disability leave. Therefore, [Pioneer Bank] does not have any information responsive to this Interrogatory. [Clayton] ha[d] exhausted all forms of leave available to her at the time of her termination, and therefore, she was not on leave at the time of her termination.

Id. At the proceedings before the Human Rights Committee, Christopher Palmer, senior vice president and chief financial officer for Pioneer Bank, testified:

> A.     . . . [W]e determined to talk with our attorney about what was the appropriate

>   course of action.
>
> Q. Who was your attorney at the time?
>
> A. It was Steve Bell.
>
> Q. And where is Mr. Bell located?
>
> A. He's now Judge Bell.
>
> Q. And based on your conversations with him, did you believe that you were violating New Mexico law if you terminated Ms. Clayton on July 21st?
>
> A. Absolutely not.

Motion, Exhibit 1, Partial Transcript of Proceedings at 0119:3-13, Clayton v. Pioneer Bank, Human Rights Division, Case No. 06-09-20-0535, filed January 14, 2008 (Doc. 18-2)("HRD Tr."). Clayton testified as follows:

> Q. Now, you received short-term disability insurance payments, correct?
>
> A. I did.
>
> Q. Starting March 1st, 2006?
>
> A. I did.
>
> Q. And those continued through the end of August, correct?
>
> A. That is correct.
>
> Q. So we've got March, April, May, June, July, August -- six months worth of short-term disability?
>
> A. Yes, I did.

HRD Tr. at 0036:9-19.

The Court does not believe it is fair for Clayton to have to guess what type of leave she was

on. See Federal Digital Tape Recorder ("FTR") at 10:03:36-10:03:42.[1] Pioneer Bank will amend its answer, will describe all the types of leave that Clayton was on, and provide the information about conversations with Mr. Bell. Id. at 10:03:43-10:03:49.  Pioneer Bank will also provide information regarding all leave that Clayton was on, and may differentiate between the different types of leave and characterize the types of leave, but it must provide information regarding the conversations with Mr. Bell.  See id. at 10:03:50-10:04:18.

Pioneer Bank is free to state in its amended answer that it disagrees that Clayton was on disability leave at the time of the discussions with Mr. Bell.  See id. at 10:04:19-10:04:39.  Pioneer Bank must, however, provide information about any discussions with Mr. Bell regarding termination of Clayton while Clayton was receiving short-term disability, regardless whether Pioneer Bank considered that leave to be disability leave.  See id. at 10:04:40-10:04:52.  Pioneer Bank agreed at the February 20, 2008 hearing that it would provide any information regarding conversations with Mr. Bell from the time of Clayton's heart attack until the time of her termination.  See id. at 10:04:52-10:05:37.  Accordingly, Pioneer Bank's objections to Interrogatory No. 2 are overruled, and the motion to compel is granted as stated herein.

**2.      Interrogatory No. 3.**

Clayton's Interrogatory No. 3 states:

At the hearing before the New Mexico Human Rights Commission, your witnesses and attorneys made the representation that every other Pioneer Bank employee who had ever been placed on disability leave was allowed to complete their disability leave before they were asked to return to work.  Please provide the name, last known address and daytime telephone number of each employee in question.

---

[1] The HRD hearing was recorded on tape rather than by written transcript.  The Court is, therefore, unable to provide pinpoint transcript citations to the dialogue at the hearing.  The Court instead cites to the record meter.

Interrogatories and Answers at 4.  Pioneer Bank answered that it :

> Objects to this Interrogatory on the grounds that the Interrogatory does not accurately state the representations made or the testimony provided during the hearing held before the New Mexico Human Rights Commission.  Therefore, [Pioneer Bank] is unable to provide an Answer to this Interrogatory.  Pioneer Bank does not provide "disability leave."  The forms of available leave, including Family Medical Leave, which are set forth in the Personnel Manual were provided to the Human Rights Commission at the time of the hearing.

Id.

> At the Human Rights Commission proceeding, Palmer testified as follows:
>
> Q. Now we've been talking about disability. . . . Now, it's my understanding that there are a number of insurance type of benefits that are (inaudible), accidental death, short-term disability.  Now, that would (inaudible)?
>
> A. Correct.
>
> Q. How is (inaudible)?
>
> A. We use the same criteria as -- to qualify people as the insurance company does, qualify them under long-term disability.
>
> Q. So you look at the condition at the discretion of the bank?
>
> A. It is discretionary.  But in my experience, we've always provided it to folks who qualify for it.
>
> Q. And Shirley [Clayton] was provided short-term disability payments from this, correct?
>
> A. She was.

HRD Tr. at 0095:3-19.

Pioneer Bank agreed at the February 20, 2008 hearing that it would provide any information regarding conversations with Mr. Bell from the time of Clayton's heart attack until the time of her termination.  See id. at 10:04:52-10:05:37. Pioneer Bank told Clayton that it interpreted the interrogatory to reach every employee who has been placed on family medical leave and asked if

the interrogatory could be narrowed.  <u>See</u> at 10:06:31-10:07:11. Clayton's counsel responded that he specifically used the phrase "disability leave," rather than family-medical leave, and that the interrogatory was meant to request information about employees like Clayton who were ineligible for family-medical leave, but to whom Pioneer Bank granted short-term or long-term disability benefits, and not information regarding employees returning after family-medical leave.  <u>Id.</u> at 10:07:12-10:07:46.  Pioneer Bank will provide the requested information from the date of the hearing backwards for the past five years.  <u>See</u> <u>id.</u> at 10:07:47-10:08:25.  The information Pioneer Bank will provide is for any employee who was receiving either short-term or long-term disability payments, and then was asked by Pioneer Bank to return to work.  <u>See</u> <u>id.</u> at 10:09:33-10:10:25. Accordingly, Pioneer Bank's objections to Interrogatory No. 3 are overruled, and the motion to compel is granted as set forth herein.

    **3.**    **Interrogatory No. 4.**

In Interrogatory No. 4, Clayton asked:

> If any Pioneer Bank employee other than [Clayton] was ever terminated or separated from employment for any reason while on any kind of disability, sick or FMLA leave, please provide each employee's last known name, address and daytime telephone number, along with the date of each separation from employment with the Bank.

Interrogatories and Answers at 5.  Pioneer Bank answered:

> [Pioneer Bank] objects to this Interrogatory on the grounds that it is privileged from discovery by the privacy interests of other employees or persons who are not a party to this litigation and would reveal information regarding medical condition of such individuals.  Defendant further objects to this Interrogatory on the grounds that the Interrogatory is overbroad, burdensome, not bounded by a reasonable time period and seeks information not relevant to the instant matter.  Information regarding employees who voluntarily separate or terminate their employment is not relevant nor would it lead to discoverable information.

<u>Id.</u>

This dispute can be largely resolved by entering a confidentiality order that will cover any of the medical information about Pioneer Bank's employees disclosed in response to this interrogatory. See FTR at 10:11:01-10:11:21. Pioneer Bank asked that it not be required to produce information regarding persons who voluntarily resigned after completing sick or FMLA leave. See id. at 10:12:07-10:12:10. Clayton contended that, while employees receive short-term benefits, whether characterized as disability leave or not, they remain employees until terminated. See id. at 10:13:26-10:13:40. Pioneer Bank responded that, because of the issues that have arisen in this litigation, when employees' FMLA leave has ended, they are terminated. See id. at 10:13:41-10:13:52. Pioneer Bank represents that employees may continue to receive short-term disability insurance payments, even though they are no longer officially employees of Pioneer Bank, because of an insurance benefit that accrued to them while they were an employee. See id. at 10:13:53-10:14:08.

The Court orders Pioneer Bank to produce the requested information, except that it need not produce information regarding persons who voluntarily resigned after completing sick or FMLA leave, or any type of disability leave, contingent on the parties agreeing on a confidentiality order and submitting that order to the Court. See id. at 10:12:11-10:12:45; id. at 10:14:17-10:14:30. Pioneer Bank may note its disagreement with Clayton's characterization of the leave as "disability leave," but must provide the information. See id. at 10:14:17-10:14:30. Clayton requested that, because she just learned of the Pioneer Bank's change of policy, the information be provided for a period of five years from the date of the policy change. See id. at 10:14:39-10:14:48. Pioneer Bank acknowledged that the practice had changed within the last year. See id. at 10:14:49-10:14:54. Pioneer Bank will provide the information from five years after the policy changed. See id. at

10:14:54-10:15:00. Accordingly, Pioneer Bank's objections to Interrogatory No. 4 are overruled, and the motion to compel is granted as set forth herein.

### 4. Interrogatory No. 6.

Clayton asked Pioneer Bank, in Interrogatory No. 6, to "provide the date of any meetings where any employees or representatives of [Pioneer Bank] discussed termination or possible termination of [Clayton] while she was on disability leave, along with the names and positions of all persons in attendance and the comments made by each person on this subject." Interrogatories and Answers at 6. Pioneer Bank answered: "[Pioneer Bank] does not have any information responsive to this Interrogatory. [Pioneer Bank] does not provide its employees disability leave. [Clayton] was never on 'disability leave.' Therefore, there were no meetings which occurred while [Clayton] was on disability leave." Id.

Pioneer Bank will provide the information regarding any meetings where any employees or representatives of Pioneer Bank discussed termination or possible termination of Clayton. See FTR at 10:15:56-10:16:05. Accordingly, the motion to compel an amended answer to Interrogatory No. 6 is granted as set forth herein.

### 5. Interrogatory No. 7.

In Interrogatory No. 7, Clayton asked Pioneer Bank to

> provide the name and last known address and daytime telephone number of any person who provided [Pioneer Bank], its employees and/or representatives with any information regarding [Clayton]'s medical condition while [Clayton] was on disability leave, along with the name and position of any person receiving such information, the date and manner in which such information was provided, and a description of each items of information furnished.

Interrogatories and Answers at 8. Pioneer Bank responded that it "does not provide its employees disability leave. Therefore, [Pioneer Bank] does not have any information responsive to this request.

The information [Pioneer Bank] received regarding [Clayton]'s medical condition in association with her request for Family Medical Leave has been previously provided to [Clayton]." Id.

Pioneer Bank will provide the name and last known address and daytime telephone number of any person who provided Pioneer Bank, its employees and/or representatives with any information regarding Clayton's medical condition along with the name and position of any person receiving such information, the date and manner in which such information was provided, and a description of each item of information furnished. See FTR at 10:16:30-10:16:37. Pioneer Bank noted that the only individual who provided information to Pioneer Bank was Clayton and her physician, and that it had already provided their information to Clayton. See id. at 10:16:37-10:16:51. Clayton argued that she wanted an answer under oath. See id. at 10:16:52-10:16:55. Pioneer Bank will provide the information requested under oath. See id. at 10:17:15-10:17:19. Accordingly, the motion to compel an amended answer to Interrogatory No. 7 is granted as set forth herein.

    **6.**    **Interrogatory No. 10.**

Interrogatory No. 10 stated:

> At any time during the last ten (10) years has [Pioneer Bank] been named as a party in any claim (including any proceeding before the New Mexico Department of Labor or the EEOC) or lawsuit alleging employment discrimination, violations under FMLA, harassment or retaliation? If so, please provide full and complete details of each such claim or lawsuit, including the name, last known address and telephone number of person or persons who made the claim, the date, location and allegations involved with each alleged incident, the name and address of the insurance company, TPA or investigative body who handled the claim, and/or the name and case number of the court where each was filed, along with a listing of how each claim was resolved (including the amount of any settlement paid in resolution of the claim).

Interrogatories and Answers at 10. Pioneer Bank responded: "Christina Austin, claim before the EEOC against [Pioneer Bank] claiming discrimination on the basis of Ms. Austin's association with

a third person, the claim is currently pending before the EEOC, no finding has been made and no settlement has been paid." Id.

Clayton noted that she received supplemental information from Pioneer Bank regarding the EEOC charge containing contact information and, as a result, was able to speak with Ms. Austin, and has the information she requested regarding this interrogatory. See FTR at 10:17:42-10:17:58. Pioneer Bank noted that it provided the EEOC charge to Clayton. See id. at 10:17-59-10:18:19. Clayton withdraws her motion to compel on this interrogatory. See id. on 10:18:19-10:18:22.

### 7. **Request for Production No. 1.**

In Request for Production No. 1, Clayton asks Pioneer Bank to

> [p]rovide a copy of all documents and other tangible items containing any facts or information regarding any of the requests for legal advi[c]e or substance of the legal advi[c]e received as set forth in your answer to Interrogatory No. 2 above including any cover letters or related correspondence and including all invoices and bills rendered for any such advi[c]e.

Interrogatories and Answers at 3. Pioneer Bank responded: "See answer to Interrogatory No. 2." Id.

Pioneer Bank agreed at the February 20, 2008 hearing that it would provide any information regarding conversations with Mr. Bell from the time of Clayton's heart attack until the time of her termination. See id. at 10:04:52-10:05:37. Accordingly, the motion to compel as to Request for Production No. 1 is granted as set forth herein.

### 8. **Request for Production No. 3.**

Clayton asked Pioneer Bank, in Request for Production No. 3, to "[p]lease provide copies of any and all tangible items or documents including but not limited to meeting minutes, notes, calendars or memorandum which contain any information in regarding to your answer to

Interrogatory No. 6 above." Interrogatories and Answers at 7. Pioneer Bank responded: "See answer to Interrogatory No. 6 above." Interrogatories and Answers at 7.

Pioneer Bank will provide the documents regarding any meetings where any employees or representatives of Pioneer Bank discussed termination or possible termination of Clayton. See FTR at 10:15:56-10:16:13. Accordingly, the motion to compel as to Request for Production No. 3 is granted as set forth herein.

### 9. Request for Production No. 5.

In Request for Production No. 5, Clayton asked Pioneer Bank to

> provide full and complete copies of all personnel files and related documents including applications, reports or forms submitted to any governmental agency, copies of all payroll records and time sheets for all Pioneer Bank employees who were hired to perform any work in the check processing department during the time [Clayton] was on disability leave.

Interrogatories and Answers at 9. Pioneer Bank responded that it

> does not provide its employees including [Clayton] with "disability leave." Individuals who worked in the check processing department while [Clayton] was absent from her position were not hired by Pioneer Bank during that time period. Casey Booth was temporarily transferred to the Statement Processing Department but he was hired by Pioneer Bank prior to [Clayton]'s absence.

Id.

Pioneer Bank will need to provide all documents responsive to Request for Production No. 5. Accordingly, the motion to compel documents in response to Request for Production No. 5 is granted.

### 10. Request for Production No. 8.

In Request for Production No. 8, Clayton asks Pioneer Bank to provide "[a]ll documents within the possession, custody and control of you, your agents, representatives, insurers or attorneys

regarding any of the claims or lawsuits listed in your answer to Interrogatory No. 10 above." Interrogatories and Answers at 11. Pioneer Bank responded that it "objects to the production of such materials on the grounds that such items are irrelevant to the instant claim and are unlikely to lead to the discovery of admissible evidence." Id.

Clayton noted that she received supplemental information from Pioneer Bank regarding the EEOC charge containing contact information and as a result, was able to speak with Ms. Austin. Clayton states that she now has the information she requested regarding this request for production. See FTR at 10:17:42-10:17:58. Pioneer Bank noted that it provided the EEOC charge to Clayton. See id. at 10:17-59-10:18:19. Clayton withdraws her motion to compel on this request for production. See id. on 10:18:19-10:18:22.

### 11.     Request for Attorney's Fees, Costs, and Sanctions.

While Pioneer Bank perhaps could have been forthcoming and cooperative in providing answers and documents, there is a genuine dispute about what type of leave Clayton was on. Clayton could have averted some of the dispute with more precision in drafting her discovery requests. In any case, there does not appear to be a sound basis to shift costs to Pioneer Bank or to sanction Pioneer Bank, when there is a legitimate dispute that Pioneer Bank did not want to concede.

**IT IS ORDERED** that Plaintiff's Motion to Compel Written Discovery Responses is granted in part. The Court requires the Defendant to provided amended answers to Interrogatories No. 2, 3, 4, 5, 6, and 7, and further documents in response to Requests for Production Nos. 1, 3, and 5, as set forth herein. The Court dismisses the motion on Interrogatory No. 10 and Request for Production No. 8 as moot. The Court will deny Clayton's request for attorneys fees, costs, and sanctions.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

James P. Lyle
The Law Offices of James P. Lyle, P.C.
Albuquerque, New Mexico

 *Attorneys for the Plaintiff*

Barbara Ann Patterson
Pittman Law Firm
Roswell, New Mexico

 *Attorneys for the Defendant*